Tayeoe, C. J. —
 

 The Complainant comes into this Court, seeking a reduction of the judgment at law, upon the twofold ground, that the quantity of fish he contracted for was not delivered ; and that, of the quantity delivered, a considerable part was so damaged as to be unfit for use, and totally unsaleable.
 

 That the number of barrels stipulated for was delivered to the Complainant, seems to be placed beyond all doubt by the depositions of
 
 Hussy
 
 & Miner, the agents of the Defendants j and if after the former had counted them out, and gave the Complainant a control over them, and after
 
 Miner
 
 had, at the Complainant’s request, conveyed the sixty-nine barrels to Cedar Landing, the Complainant declined receiving them, he alone must be responsible for the loss; for the Defendant could do nothing more to make the delivery complete.
 

 The question as to the unsoundness of the fish, is involved in some difficulty as to the facts. There can be little doubt, that many of the barrels received by
 
 Halsey,
 
 to sell on account of
 
 Pugh,
 
 were unmerchantable, and that of these, some were marked with black
 
 paint; but
 
 whether these were the identical barrels which were re-
 
 *367
 
 ceivetl from
 
 Maer,
 
 does not appear, though those also were marked with black paint. But
 
 Pugh
 
 miglit have bought, and
 
 Halsey
 
 might hare received, other barrels with a similar mark
 
 ;
 
 or other barrels miglit have been put on board the boat in her passage up the river. I-admit, that the probability is strong, that the fish ‘ which were spoiled, had been purchased by
 
 Pugh
 
 from
 
 Maer,
 
 but better evidence of the fact might have been adduced.
 

 But then the question occurs, were the fish unsound when delivered to
 
 Pugh’s
 
 agent
 
 ;
 
 or did they become unsound afterwards, from causes which were in activity at the time of the delivery ? For the same consequence will follow in both cases j or did. both cause and effect begin their existence after their sale ?
 
 Halsey
 
 says, that he opened several of the barrels in presence of the skipper, who was well satisfied with their soundness 5 and that he knew by the sound of the pickle in others, that they were properly filled.
 
 Minor
 
 sent some of the same fish to Richmond, and retailed others in the neighbour-hood, and heard no complaint, respecting either*. The leakage of the cask, and the escape of the pickle, is well known
 
 to
 
 be the most frequent cause
 
 of such fish
 
 becoming spoiled, and this may have happened in the shipping and stowing.
 

 On the other hand, it is stated by the clerk of Halseys that many of the barrels were without pickle, and that he was under the necessity of filling them up, so that from the evidence now before the Court, I should be wholly at a loss to determine, whether the fish were unsound when delivered, or in the way-of becoming so j or whether they became unsound afterwards. The only thing certain is, that
 
 Pugh
 
 sustained a loss from their unsoundness. But supposing that there was evidence of the unsoundness of the fish when sold, yet there is none of a warranty, or of a knowledge in the vendor that they were so, nor any allegation in the Bill to that effect.-— This Court cannot, any more than a Court of Law, allow for the deficiency in the value of an article sold, in a case where the maxim of
 
 caveat emptor
 
 applies.
 

 
 *368
 
 Upon the motion to dismiss, on the ground of the Injunction being issued more than five months after the judgment, though an opinion on that point is not esseu-tiiil to the decision of the cause, as I think the Bill ought to be dismissed for the reasons I have given, yet, as a case of practice, it may be usefully settled.
 

 The act of 1800 was passed for the avowed object of preventing delay, and debtors from thus defeating the claims of their creditors. Now this is effectually obviated, by granting an Injunction upon the terms of paying the money into the office — for thus all risk of the debtor’s insolvency, or that of his securities, is avoided— and the money is held to be paid according to the decree, without a moment’s delay. To dismiss the Bill therefore, on this objection, where an Injunction is granted under the same terms with this, would be to sacrifice the manifest spirit of the act to its literal construction. I cannot therefore believe, there is any weight in this objection.
 

 By the Court,
 

 Bill DISMISSED,